## Commonwealth, Appellant, v. Neal.

*Criminal law—Practicing medicine and surgery without license —Indictment—Sufficiency—Negative averments not necessary.*

In an indictment, under the Act of June 3, 1911, P. L. 639, charging the defendant with practicing medicine and surgery without license, it is not necessary to aver that the defendant was not within the exceptions established by the statute. If the defendant is within the exception, it is for him to show it at the trial.

When a statute defining an offense contains an exception, in the enacting clause, which is so incorporated with the language defining the offense, that the ingredients of the offense cannot be accurately and clearly described, if the exception is omitted, the rules of good pleading require that an indictment, founded upon the statute, must allege enough to show that the accused is not within the exception. But if the language of the clause, defining the offense, is so entirely separable from the exception, that the ingredients constituting the offense may be accurately and clearly defined without reference to the exception, the pleader may safely omit any such reference.

Argued October 11, 1921.  Appeal, No. 10, March T., 1922, by Commonwealth, from judgment of Q. S. Tioga Co., May Sessions, 1921, No. 8, quashing indictment in the case of Commonwealth of Pennsylvania v. Leonard J. Neal.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.  Reversed.

Indictment for practicing medicine and surgery without license.  Before CHANNELL, P. J.

The facts are stated in the opinion of the Superior Court.

The court quashed the indictment because of its failure to deny that the defendant belonged to any of the ex-

216, (1922).] Assignment of Error—Opinion of the Court.

cepted classes set forth in the statute. The Commonwealth appealed.

*Error assigned* was the order of the court quashing the indictment.

*T. A. Crichton,* of *Watrous, March & Crichton,* and with him *Charles M. Elliott,* District Attorney, for appellant.—It appears to be well established by a great preponderance of authority that, when an exception is not stated in the enacting clause otherwise than by referring to other provisions of the statute, it need not be negatived, unless necessary to a complete definition of the offense: Com. v. Hennings, 121 Mass. 47; Fleming v. People, 27 N. Y. 239; State v. Miller, 24 Con. 522; State v. Abbey, 29 Vt. 60.

*Chester H. Ashton,* and with him *Paul J. Edwards* and *Andrew B. Dunsmore,* for appellee.—If an artificial and arbitrary crime is created, only becoming such when it is executed by persons of a particular class, the fact that the defendant is within that class must be pleaded: Sadler's Criminal Law, p. 261, par. 213.

OPINION BY PORTER, J., March 3, 1922:

This indictment is founded upon the Act of June 3, 1911, P. L. 639, relating to the practice of medicine and surgery, enacting, in its first section, that "it shall not be lawful for any person in the State of Pennsylvania to engage in the practice of medicine and surgery......or to hold himself or herself forth as able to do so, excepting those hereinafter exempted, unless he or she shall have first fulfilled the requirements of this act and has received a certificate of licensure from the Bureau of Medical Education and Licensure created by this act," declaring any violation of the section above quoted to be a misdemeanor and providing for the punishment thereof. The sections of the statute following provided

for the establishment of a Bureau of Medical Education and Licensure, charged with the duty to ascertain the character of the instruction and the facilities possessed by each of the various medical educational institutions chartered under the laws of the Commonwealth, to examine applicants for certificates of licensure to practice medicine and surgery and to issue certificates to those found to be duly qualified. Certain provisos contained in the act exempted from the necessity of procuring certificates of licensure from the bureau by the statute established the following persons, viz: (1) Those who, under the laws of the Commonwealth, at the date of the passage of the act had been accorded the right by a licensing certificate to diagnose and treat disease, medically and surgically; (2) officers in the regular medical service of the United States army and navy or the United States public health and marine hospital service, while in discharge of their official duties; (3) A registered practitioner in another state called for consultation by a registered physician of this Commonwealth to consult with him in a case under treatment; and (4) any one while actually serving as a member of the resident medical or surgical staff of any legally incorporated or state hospital. The act repealed the earlier legislation under which state boards of medical examiners had previously examined and licensed practitioners of medicine and surgery.

The indictment avers, in its several counts, that the defendant had done the acts prohibited by the first section of the statute without having "first fulfilled the requirements of the act and without first having received a certificate of licensure from the board of medical education and licensure." But it does not aver that the defendant is not within any one of the four classes by the statute exempted from its operation. The court below, on motion of the defendant, quashed the indictment for that reason. The Commonwealth appeals.

Many offenses are composed of more than one ingredient, and it is a cardinal rule of pleading that every ingredient of which the offense is composed must be accurately and clearly alleged in the indictment. Offenses created by statute, as well as offenses at common law, must be accurately and clearly described in the indictment, and if they cannot be, in any case, without an allegation that the accused is not within an exception contained in the statute defining the offense, it is clear that no indictment founded upon the statute can be valid which does not contain such an allegation: Archbold's Criminal Pleading 54. When a statute defining an offense contains an exception, in the enacting clause, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the clause defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be shown by the accused. It is sometimes said that if the exception is in the enacting clause, the party pleading must show that the accused is not within the exception, but where the exception is in a subsequent section or statute, that the matter contained in the exception is matter of defense and must be shown by the accused. "Undoubtedly that rule will frequently hold good, and in many cases prove to be a safe guide in pleading, but it is clear that it is not a universal criterion, as the words of the statute defining the offense may be so entirely separable from the exception that all the ingredients constituting the offense may be accurately and clearly alleged without any reference to the

exception.   Cases have also arisen, and others may readily be supposed, where the exception, though in a subsequent clause or section, or even in a subsequent statute, is nevertheless clothed in such language, and is so incorporated as an amendment with the words antecedently employed to define the offense, that it would be impossible to frame the actual statutory charge in the form of an indictment with accuracy, and the required certainty, without an allegation showing that the accused was not within the exception contained in the subsequent clause, section, or statute": United States v. Cook, 17 Wallace 174.   The real question in any case is whether the exception is so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the act, omission, or other ingredients which constitute the offense.

It is a good general rule, that every indictment must bring the defendant within all the descriptions mentioned in the body of the act, except they are such as carry with them the bare denial of a matter, the affirmation whereof is a proper and natural plea for the defendant.   "It seems agreed, that there is no need to allege in an indictment, that the defendant is not within the benefit of the provisos of a statute whereon it is founded; and this hath been adjudged, even as to those statutes which in their purview expressly take notice of the provisos; as by saying, that none shall do the thing prohibited, otherwise than in such special cases, etc., as are expressed in this act": Hawkins' Pleas of the Crown, book 2, chapter 25, section 113.   The learned author, in the same section, distinguishes between a proceeding by indictment and a summary conviction under a penal statute, saying: "Conviction on a penal statute ought to expressly show, that the defendant is not within any of its provisos; for since no plea can be admitted to such a conviction, and a defendant can have no remedy against it, but from an exception to some defect appearing in the face of it, and all the proceedings are in a sum-

mary manner, it is but reasonable that such a conviction should have the highest certainty, and satisfy the court, that the defendant had no such matter in his favor as the statute itself allows him to plead." This distinction may serve to reconcile the apparent conflict between some of the decisions of the English courts which has at times perplexed the courts of this country and led to varying conclusions in different jurisdictions. As to what is required in an indictment in such a case, the views of the English text writers were in harmony. "Nor is it even necessary to allege, that he is not within the benefit of its provisos, though the purview should expressly notice them; as by saying that none shall do the act prohibited, except in the cases thereinafter excepted": 1st Chitty's Criminal Law, 283.

When the effect of the statute is to create an artificial and arbitrary offense, only becoming such when it is executed by persons of a particular class, the indictment must show the defendant to be within this class: Com. v. Shelly, 2 Kulp 300; Sadler's Criminal Law, 261. On the other hand, it is established by a great preponderance of authority, that when an exception is not stated in the enacting clause otherwise than by merely referring to other provisions of the statute, it need not be negatived, unless necessary to a complete definition of the offense. Numerous authorities might be cited in support of this conclusion, but we deem the discussion of the question in those following convincing: Com. v. Tuttle, 12 Cushing 502; Com. v. Jennings, 121 Mass. 47; State v. Abbey, 29 Vt. 60; State v. Bevins, 70 Vt. 574; Fleming v. The People, 27 N. Y. 329. The indictment with which we are now dealing clearly and accurately avers every fact necessary to a complete definition of the offense created by the Act of 1911; no ingredient is lacking in the description of the offense with which the defendant is charged. The prohibition of the statute was general, the exceptions were of a limited class, who might properly be excluded from its oper-

ation; nearly all of those excepted had already been examined and their qualifications to practice medicine determined by the authority of the Commonwealth, and the few others excepted were not permitted to enter into general practice in the State. It was not necessary to aver in the indictment that the defendant was not within the exceptions. If he is within the exceptions it is for him to show it at the trial.

The judgment is reversed, the indictment is reinstated and the record remitted for further proceedings.