# Commonwealth, Appellant, *v.* Pastor et al.

*Securities act—Indictment for violation—Charges—Sufficiency.*

An indictment charging a violation of the Act of June 14, 1923, P. L. 779 (Securities Act) is sufficient, which specifically avers that the defendants, as officers of a Delaware corporation, solicited subscriptions, and sold shares of stock, without registering with the Commissioner of Banking, or without securing certificates of such registration. This charged the crime in the terms and language of the statute, and so plainly that the nature of the offense might be easily understood by the jury, and was therefore sufficient. While the indictment did not specifically aver that the defendants or their corporate principal were dealers in securities, it did aver that they were designated officers of the said corporation, and that they had done certain things which the Act declared constituted them, or their company, dealers, and consequently required them to be registered.

A foreign corporation which seeks to sell and dispose of its stock in Pennsylvania, and in so doing sells or offers for sale, or solicits subscriptions to, or orders for its capital stock, is a dealer within the definition of Section 2 (c) of the Securities Act.

Argued October 5, 1926. Appeal No. 207, October T., 1926, by plaintiff, from judgment of Q. S. Philadelphia County, February Sessions, 1926, No. 390, in the case of Commonwealth of Pennsylvania v. Herman L. Pastor, Maxwell S. David, Herman R. Gross and Abraham E. Benus. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

292   COMMONWEALTH, Appel., *v.* PASTOR et al.

Statement of Facts—Opinion of the Court.   [89 Pa. Superior Ct.

Indictment for violation of the Act of June 14, 1923, P. L. 779.   Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

Motion to quash indictment.   The Court made absolute the rule.   Commonwealth appealed.

*William Y. C. Anderson,* Deputy Attorney General, and with him *John H. Maurer,* Assistant District Attorney, *Charles Edwin Fox,* District Attorney, and *George W. Woodruff,* Attorney General, for appellant. —The indictment properly charges the defendants with a misdemeanor under the Securities Act: Commonwealth v. Moore, 5 D. & C. 738; Bagley v. Cameron, 282 Pa. 84, 91; People v. Love, 142 N. E. 204; Ex Parte Kreutzer, 204 N. W. 595; State v. Summerland, 193, N. W. 699; People v. Mawr, 242 Pac. 1078; State v. Fraser, 105 Ore. 589.

*Sidney H. Mandel,* for appellee.

OPINION BY KELLER, J., December 10, 1926:

This was a prosecution under "The Securities Act" of 1923 (P. L. 779).   The learned court below quashed the indictment on the grounds, (1) that it failed to charge a crime, and (2) that it failed to aver that the defendants, or their corporate principal, were dealers in securities; incidentally ruling that a foreign corporation selling, offering for sale, or disposing of its own stock was not a dealer within the purview of the Act.   The Commonwealth appealed to this court.

(1)   The prosecution was brought under the 22nd section of the Act, which provides, inter alia, that "any dealer, agent, salesman, principal, officer, or employe, who shall, within this State, sell, offer for sale or delivery, solicit subscriptions to or orders for, dispose of. . . . . .or who shall deal in any manner in, any security or securities without being registered as in

this act provided......shall be guilty of a misdemeanor.'' The indictment charged that the defendants, as officers of a designated Delaware corporation, unlawfully did solicit subscriptions to and orders for, and offer for sale and delivery, and did dispose of and sell to one Leiber certain securities, to wit, six certificates, each for ten shares, of the capital stock of said corporation, without being registered by and with the Commissioner of Banking of this Commonwealth as a dealer or dealers in securities and without having had issued to them by said Commissioner a registry certificate and certificates authorizing them or any of them to engage in business in this State as a dealer and dealers in securities; and without said corporation being registered as such dealer by said Commissioner of Banking and without having had issued to it by said Commissioner a registry certificate authorizing it to engage in business in Pennsylvania as a dealer in securities. This charged the crime in the terms and language of the statute, and so plainly that the nature of the offense might be easily understood by the jury, and was therefore sufficient: Act of March 31, 1860, P. L. 427, sec. 11. While the indictment did not specifically aver that the defendants or their corporate principal were dealers in securities, it did aver that they were designated officers of the said corporation, and that they had done certain things which the act (section 2 (c)) declared constituted them, or their company, dealers, and consequently required them to be registered.

(2) We are also of opinion that a foreign corporation which seeks to sell and dispose of its stock within this State, and in doing so sells, or offers for sale, or solicits subscriptions to or orders for, its capital stock, is a dealer within the definition of section 2 (c) of the Act. We think this is apparent from the language of the clause, in connection with the exceptions

immediately following it. The language of the definition is broad enough to cover a corporation dealing in its own securities, and the fact that corporations organized under the laws of this State disposing of their own securities are specifically excepted from the operation of the Act, under certain conditions, (sec. 2 (c), 8, 9, 10 and 11), strengthens this construction, and leads to the conclusion that the legislature intended the definition to cover all corporations, foreign or domestic, dealing in their own securities, but excepted from its terms such domestic corporations as complied with certain specified conditions. See also the amending Act of May 6, 1925, P. L. 528, passed since the acts charged in this indictment were committed, which excepts from the provisions of the Act the issuance and sale of their own stock by building and loan associations chartered by this State; showing the legislature's view of the broad scope of the definition. This does not conflict in any manner with the third exception of sec. 2 (c), for a corporation in issuing its own stock cannot strictly be called an owner. Until issued the stock is not *owned* by the corporation; it forms no part of its assets. When issued, the money or property received for it becomes an asset of the corporation and the stock a bookkeeping liability, but unissued treasury stock is neither. Hence a corporation first issuing such stock is not in the position of an "owner" disposing of a security belonging to him. We find nothing in this view which conflicts with the decision of our Supreme Court in Bagley v. Cameron, 282 Pa. 84. That case did not hold, as stated by the lower court, that the Securities Act "was intended to regulate 'dealers' rather than issuing companies"; it said (p. 91), "while the legislative enactments of some States.......attempt to control the financing of corporations, our act is intended to regulate the registration of stock and bond dealers and salesmen rather

than the issuance of securities.'' In other words our Act designs to protect the public by registering the dealer, etc., rather than by supervising the issuance of securities; but that does not deny a construction of the Act which requires the registration of a corporation dealing in its own securities. Such a transaction is inherently ''for profit.''

It was not necessary to aver in the indictment that the defendants were not within the exceptions enumerated in the statute: Com. v. Neal, 78 Pa. Superior Ct. 216; People v. Love, (Ill.) 142 N. E. 204, 207.

The order quashing the indictment is reversed with a procedendo.