## Commonwealth v. Gramigna

*Harold Edwards,* for Commonwealth.

*Wallace G. Moser* and *Ralph G. Mastriani,* for defendant.

HOBAN, J., June 13, 1938.—Defendant was tried before a jury under two indictments, one charging that he acted as an insurance agent without first having obtained a license from the Insurance Department of the Commonwealth of Pennsylvania, in violation of section 604 of The Insurance Department Act of May 17, 1921, P. L. 789, and the other charging that he received applications for insurance with insurance companies not authorized to do business in Pennsylvania, in violation of section 632 of The Insurance Department Act, supra. The cases were tried together and the jury found him guilty as charged in each indictment. No stenographic report of the trial was asked for nor made.

The testimony developed that defendant was a properly licensed agent for several old line companies properly authorized to do business in Pennsylvania. However, in the course of his business a number of risks were offered to him which could not qualify for any form of insurance, because of age, physical defects, etc. In order to provide a form of protection for such risks, he sold them "member-

ships" in various unlicensed foreign organizations, some of which purported to be associations in the nature of fraternal benefit organizations, but all of which provided death benefits in definitely ascertainable amounts either noted on the face of the policies or certificates, or to be determined by calculations based on fees or premiums paid. It developed that several of these organizations, after the initial payments were made to defendant, went through various forms of reorganization, shifting from State to State and giving rise to the patent implication that the companies or associations were of uncertain financial standing and that their operations were clearly designed to evade regulation and responsibility under the usual laws protecting policy or certificate holders. Defendant at the trial admitted the sale of memberships or certificates in such organizations, the retention for himself of substantial portions of the initial fees or premiums in the nature of a commission to him, but vigorously denied any criminal intent. In fact his sole defense was that he did not mean to do anything wrong. However, it was clearly apparent, first, by his promise to the persons to whom he offered the protection, and secondly, by the various certificates received from these organizations, which were introduced into evidence, that he did sell a form of protection by which a return for the payment of fees in a definitely ascertainable sum was to be returned to the beneficiaries upon the death of the persons so sought to be protected. This is insurance, no matter what the defendant or the form of certificates attempted to name it, and since defendant was not licensed to sell such insurance in Pennsylvania, nor were the organizations in question licensed by the Insurance Department to do business in this State, such acts were in violation of The Insurance Department Act of 1921, and in our opinion defendant was properly convicted. In the face of defendant's own admissions, no other verdict could have been returned by the jury without a deliberate perversion of justice.

Defendant seeks a new trial and assigns four reasons therefor, which we will take up seriatim.

The first reason assigns as error the ruling of the court admitting in evidence an insurance certificate produced and identified by a Commonwealth witness, one of the victims in the case. The theory of defendant is that, the execution of this certificate not having been proved, its introduction into evidence was incompetent. This might be a valid reason if the certificate were introduced for the purpose of proving a claim based thereon, but its introduction here was merely for the purpose of showing what was bought by the victim and the nature of the protection which it purported to afford. It was a document which had been received by the victim as a result of application to defendant for protection and his payment therefor, and we think was clearly competent to prove the fact which it was designed to prove, to wit, that this defendant, unlicensed by the State to represent such an organization, provided for the victim a form of protection in such organization.

The second and third reasons assigned as error the failure of the trial judge to withdraw a juror and continue the case after objection by counsel for defendant to a remark made by the Commonwealth's attorney in his argument to the jury. The defense attorney in his closing had argued for acquittal by reason of the fact that defendant had produced witnesses to testify to his character, and that he was the father of eight children and generally a man of a good background, and suggested that defendant should be returned to his family. As an answer to this argument the district attorney told the jury there was no reason to worry about the absence of defendant from his family, for the reason that the act of assembly did not provide for a jail sentence and that sentence was the duty of the court. To this remark there was prompt objection by counsel for defendant and a request to withdraw a juror. The court overruled the request and instructed the jury at the same time to disregard the re-

marks of counsel for either the defendant or the Commonwealth as to sentence, and that sentence was a duty of the court, which instruction at the time of the trial we believe was quite adequate to cure the situation brought about by the alleged improper remark. Counsel for defendant now argues that such a remark was highly prejudicial and to support that has presented to the court an affidavit signed by five members of the jury which tried the case, in which the jurors make the curious statement, "that up until the summation of the district attorney, who in the said summation said that there was no jail sentence in this case, the jury had decided to find defendant not guilty".

If in every case we are to inquire into the various reasons which sway jurors, we would be faced with an unending series of controversies. What we are concerned with is the verdict, if arrived at after proper consideration of the evidence and the charge of the court. If the jury had made up its mind to acquit the prisoner prior to the opening of the district attorney's remarks, the jury was certainly acting in an improper manner, in such an event distinctly to the prejudice of the Commonwealth and not of defendant.

The only thing the court can be concerned with after the verdict is whether or not the verdict was founded upon proper evidence and arrived at by proper means free from extraneous influence. We cannot say that under the circumstances the remark of the district attorney, followed by the prompt admonition by the trial judge to disregard the same, was prejudicial to the rights of defendant.

The fourth reason assigned for a new trial is that the indictment charging violation of section 632 of The Insurance Department Act of 1921, supra, is defective for the reason that section 632 does not apply to "fraternal benefit societies, orders or associations", and that the indictment does not aver that the society issuing the certificates in this case was not of the excepted classes.

As admitted by brief and at the argument by counsel for defendant, the question should be more properly raised in a motion for arrest of judgment. However, if we conceded that any substantial error was done to defendant by the form of the indictment, we would not hesitate to grant a new trial, but it is impossible to see what harm accrued to defendant or that the indictment was in any way defective. The offense charged in the indictment was that defendant operated as agent for the National Protective Union of Denver, Colorado, a corporation unlicensed to do an insurance business in the Commonwealth of Pennsylvania, and that he sold as such agent to one of the victims in the case a form of insurance protection in the said corporation and received premiums of insurance therefor. No attempt was made by defendant to prove that the association in question, or any of the others for which he likewise operated, was a fraternal benefit society, order, or association as defined in section 103 of The Insurance Department Act of 1921, or as defined in section 1 of the Act of May 20, 1921, P. L. 916.

Apparently, what defendant wants us to say is that the indictment is defective because it did not specifically state that the organizations for which this defendant is alleged to have solicited business were not fraternal benefit societies, etc, as defined in the two acts above mentioned. But we do not believe that the Commonwealth is required to make such exception. What the Commonwealth alleged and proved was that defendant solicited insurance for organizations purporting to provide insurance, which organizations were not licensed to do business in the Commonwealth of Pennsylvania. The offense was properly defined and the testimony was consistent with the charge.

We are cited in support of defendant's position the case of Commonwealth v. Neal, 78 Pa. Superior Ct. 216, but we call attention to the language of an extract from the headnote in that case:

"When a statute defining an offense contains an exception, in the enacting clause, which is so incorporated with the language defining the offense, *that the ingredients of the offense cannot be accurately and clearly described, if the exception is omitted,* the rules of good pleading require that an indictment, founded upon the statute, must allege enough to show that the accused is not within the exception."

In our opinion the ingredients of the offense charged here are accurately and clearly described, regardless of any mention of the exception, to wit, that defendant actually operated as an agent and sold a form of insurance in a company not licensed to do business in Pennsylvania.

We believe there is no merit to any of the reasons assigned for a new trial. On defendant's own admissions he was clearly guilty. If the jury in the face of the testimony had returned another verdict, it would have been guilty of a breach of duty. We are satisfied that the verdicts of the jury were founded upon proper evidence and in conformity with law. For these reasons the rule for a new trial must be discharged.

Now, June 13, 1938, rule to show cause why a new trial should not be granted in the above-entitled case is discharged.