## Commonwealth v. Hayden. No. 2

*Anthony L. Differ*, assistant district attorney, for Commonwealth.

*Foulke, Foulke & Knight*, for defendant.

CORSON, J., May 16, 1950.—The demurrer to the above-entitled indictment was sustained by this court and the decision was based upon the Act of May 16, 1945, P. L. 582, sec. 1, 19 PS §213 (Commonwealth v. Hayden, 72 D. & C. 75).

The Commonwealth now petitions for a reargument contending that the court overlooked the provisions of the Act of April 6, 1939, P. L. 17, sec. 1, 19 PS §211. The Commonwealth tacitly admits that under the provisions of the Act of 1945 the action of the court was proper but contends that the Act of 1939 governs in this particular case.

While this is a petition for reargument, it actually became a reargument because the petition was argued rather than being acted upon without argument. For

practical purposes, therefore, the Commonwealth has obtained a reargument.

The practical question to be decided, therefore, is whether or not the decision of the court should be changed. The Act of 1939, supra, provides for a two-year statute of limitations where there is no special statute governing the particular case. It also provides, inter alia, "That indictments for misdemeanors committed by any officer of a bank, or other corporation, may be commenced and prosecuted at any time within six years from the time the alleged offense shall have been committed".

The Act of 1945, supra, provides that: "Indictments for . . . misdemeanors committed by any officer . . . of any bank, body corporate . . . may be commenced and prosecuted at any time within six years . . ." For practical purposes the words of the two statutes are identical with the exception that the Act of 1939 uses the word corporation and the Act of 1945 describes a corporation as a "body corporate".

The Act of 1945 provides that the provision for a six-year limitation shall be construed to apply only to the cases in which the relationship of an officer to a corporation or body corporate "is an essential element of the crime".

Since admittedly it was not essential to the commission of this particular crime that Hayden be an officer of a corporation to commit the crime, the court held that the six-year limitation did not apply, but that the general limitation of two years in the Act of 1939 governed. The legislature evidently realized that even under the Act of 1939 the same limitation should apply because obviously both statutes were meant to apply only in cases where the fact that defendant was an officer of a corporation was similarly an essential element of the crime.

If this were not so the Act of 1939 would seem to be

unconstitutional if literally construed. As an illustration, let us assume that the president of a bank was charged with assault and battery more than two years after the commission of the crime. Certainly the Commonwealth could not contend that the six-year statute applied merely because defendant happened to be an officer of a bank. A statute of limitation must be construed to apply to the crime and not to the type of employment or office which a defendant may hold unless such type of employment, or office held, is an essential element of the crime. Certainly the fact that a man might be a secretary of a corporation would not make him liable to prosecution five years after the date he may be alleged to have operated a car while under the influence of liquor.

It cannot be overlooked in the present case that the Commonwealth, in this same prosecution, indicted Joseph A. Hayden, Jr., as an individual, for committing the same act and opening the same road charged in the present indictment. Admittedly the date fixed in the indictment where Hayden was charged individually, was more than two years before the finding of the indictment, yet the Commonwealth in that case made no pretense of claiming that since Hayden happened to be president of a corporation, he should therefore come within the provisions of the six-year limitation as set forth in the Act of 1939, supra.

"When the effect of the statute is to create an artificial and arbitrary offense, only becoming such when it is executed by persons of a particular class, the indictment must show the defendant to be within this class: Com. v. Shelly, 2 Kulp 300; Sadler's Criminal Law, 261": Commonwealth v. Neal, 78 Pa. Superior Ct. 216, 221 (1922).

For the reasons given we therefore enter the following order:

And now, May 16, 1950, the Commonwealth's petition for reargument is refused.