UNITED STATES of America ex rel.
Harold PENDERGRASS, Petitioner,

v.

Raymond W. ANDERSON, Warden, New
Castle Correctional Institution,
Respondent.

No. 116.

United States District Court
D. Delaware.

Oct. 14, 1969.

Harold Pendergrass, pro se.

## OPINION AND JUDGMENT

LATCHUM, District Judge.

This case is before the Court upon a petition for a writ of habeas corpus filed by Harold Pendergrass, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2254. The petition was filed *in forma pauperis*.

The petitioner was convicted of possession of heroin after a jury trial in the Superior Court of the State of Delaware in and for New Castle County and was sentenced to three years imprisonment. Pursuant to that sentence he is now in respondent's custody in the New Castle Correctional Institution.

An appeal was taken to the Delaware Supreme Court on the ground that the State's evidence was totally circumstantial and insufficient to justify the conviction. In an unreported opinion of May 14, 1969 that court affirmed the conviction.

Prior to petitioning this Court, Pendergrass filed in the State sentencing court a "motion to correct illegal sentence" under Criminal Rule 35(a), Del. C.Ann. It is unclear from reading the handwritten Rule 35 motion whether petitioner previously raised his present contentions in the Superior Court. For the purposes of this opinion, I assume that he has not.

■ 28 U.S.C. § 2254(b) provides that an application for a writ of habeas corpus shall not be granted unless a state prisoner has first exhausted his available state remedies. Because the contentions asserted here have not previously been passed upon by the State courts, petitioner has not complied with that statute and the requested writ could not issue even if his contentions were sound. United States ex rel. Austin v. Anderson, 293 F.Supp. 1356 (D.Del. 1969). However, while this Court is precluded from granting affirmative relief, it has the power to deny a petition where the claims appear to be without merit. United States ex rel. Drew v. Myers, 327 F.2d 174, 183 (C.A.3, 1964);

United States ex rel. Auld v. Warden of New Jersey State Penitentiary, 187 F.2d 615, 621 (C.A.3, 1951).

The petitioner first contends here that he was "compelled to be a witness against himself" in violation of the 5th Amendment, because the prosecution called a particular witness to the stand (a Mr. Richard Thornton).

■ This compulsion argument is without merit. Although it is well settled that a defendant in a criminal case has a 5th Amendment privilege against self-incrimination, it is equally true that he can waive that right by electing to take the stand in his own behalf, thereby allowing the prosecution an opportunity to cross-examine. Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926); Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1943). In this connection, it is important to note that at his trial petitioner offered himself as a witness before the State produced Mr. Thornton on rebuttal.

■ There are many reasons which might lead a defendant to take the stand in spite of his right not to do so. The most obvious is, of course, his desire to deny the charges and explain away prosecution evidence. This type of incentive to testify is not the object of the 5th Amendment immunity; rather, that Amendment is intended to protect a person from being compelled to testify by legal process.

In this case the petitioner was not "compelled" to take the stand. While represented by counsel, he freely elected to testify in order to contradict the incriminating evidence introduced by the prosecution.

Granted, his fear that the prosecution was carrying its burden of proof might have been a strong influence on petitioner to take the stand, yet to hold that such an influence was compulsion of the kind forbidden by the 5th Amendment would be to exclude *any* incriminating evidence offered by the prosecution.

The novelty of such a theory is surpassed only by its absurdity.

 The petitioner's second argument is that he was the victim of "prejudicial error" at his trial because the court allowed a narcotics addict to testify that in the past he had purchased heroin from the petitioner. In this assertion the petitioner is more than a little misleading.

An examination of the trial transcript reveals that, although such a witness was offered, he never took the stand. After a side-bar argument as to the admissibility of the offered proof, the judge excluded it and rather thoroughly instructed the jury to disregard even the calling of the witness. On this set of facts, when the offer of proof was made outside the hearing of the jury, there was no prejudicial error.

Thirdly, the petitioner contends that the heroin was not in his possession, but rather was the product of a search of his automobile.

 28 U.S.C. § 2254(a) does not permit a federal court to entertain claims which fail to present a constitutional issue. Exactly what elements go to make up an offense under state statutes is a matter of state law and, except in unusual circumstances, lies beyond this Courts' power of review. Whether or not the heroin found in petitioner's automobile was in his "possession" falls into such a category and this Court is obliged to dismiss this claim as a failure to raise a constitutional issue.

 The petition next asserts, without more, that the heroin was used against him at his trial in violation of the 4th Amendment. The search which produced the heroin was conducted pursuant to a valid search warrant. A further review of the trial transcript reveals no violation of petitioner's 4th Amendment rights.

Finally, petitioner claims that he was denied his 6th Amendment right to counsel in that the officers failed to advise him of his rights. Although there is police testimony in the record indicating that he was so informed, petitioner contends that under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) "mere testimony of the police officers is not enough" to establish an intelligent waiver of the right to counsel.

First, this case is entirely different from *Miranda,* which dealt with custodial interrogations. Here the officers, in execution of a valid search warrant, entered petitioner's home and began a search for narcotics; there was no interrogation whatsoever. Upon entry the petitioner stated voluntarily and spontaneously:

"I ain't got nothing now; I got rid of it all. You can't lock me up for anything you find in the car because my windows were open and somebody could have thrown something into it." (Tr. pp. 9–10)

Later during the search of the car pursuant to a warrant petitioner also volunteered: "You might find some smoke in that car" (meaning marijuana) and "I ain't got nothing in this car; you know them addicts want to set me up." (Tr. 14). Neither of these statements was in response to police interrogation.

 Even if these statements were the fruit of a custodial interrogation, however, they were made after the officers had repeatedly informed petitioner of his 5th and 6th Amendment rights. (Tr. pp. 9–10, 29). Contrary to petitioner's assertion, testimony of the police officers is admissible and sufficient to prove that the warnings were given. Although *Miranda* does state that warnings must be demonstrated by the prosecution at trial (p. 479, 86 S.Ct. 1602) and that a "heavy burden rests on the government" to do so (p. 475, 86 S.Ct. p. 1628), at no time does the court suggest that the burden may not be carried by the testimony of police officers.

There is no probable cause for an appeal. *Fitzsimmons v. Yeager,* 391 F.2d 849 (C.A.3, 1968).

## JUDGMENT

For the reasons set forth above, it is ordered and adjudged (a) that the petition for habeas corpus be dismissed and the writ denied and (b) that a certified copy of this Opinion and Judgment be sent by the Clerk to the petitioner and respondent.