## Commonwealth, Appellant, v. Stawinsky.

Argued November 14, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Charles W. Johns, Assistant District Attorney, with him Dennis Kissane and Robert L. Eberhardt, Assistant District Attorneys, John M. Tighe, First Assistant District Attorney, and John J. Hickton, District Attorney, for Commonwealth, appellant.

Stephen P. Swem, Assistant Public Defender, with him Henry C. Lamparski, Assistant Public Defender, and George H. Ross, Public Defender, for appellee.

OPINION BY VAN DER VOORT, J., April 22, 1975:

Appeal is taken to this Court from the lower court's order sustaining appellee's demurrer to the evidence to the charge of selling drugs and discharging the appellee-defendant.

Appellee was arrested and charged with delivery of a controlled substance (phencylidine) to an officer of the Pennsylvania State Police Criminal Investigation team. Following indictment by the Grand Jury on three counts, to-wit, possession, possession with intent to deliver and delivery of controlled substances, in violation of Section 13 of The Controlled Substance, Drug, Device and Cosmetic Act,[1] appellee was held for trial. On February 19, 1974, at trial before Honorable John P. FLAHERTY, JR., Judge, presiding without a jury, and following the Commonwealth's case, appellee demurred to the evidence on the ground that the Commonwealth had failed to prove that appellee was not registered with the Secretary of Health of the Commonwealth.[2] The demurrer was sustained, and the Commonwealth has appealed.

---

1. Act of 1972, April 14, P.L. 233, No. 64, §13 (35 P.S. §780-113).

2. Section 6 of the Act (35 P.S. §780-106) provides that a person entitled to be so registered, and duly registered, may manufacture, distribute, retail, sell, offer for sale, and solicit the purchase of controlled substances.

The question before the Court thus is whether as a part of its case the Commonwealth must prove that a defendant is not registered under the Act. The Act being designed to limit traffic in certain enumerated substances, the fact that one can so register and then be able to manufacture, distribute, retail, etc., makes that person exempt from the prohibitions of the Act. With this status of exemption at issue, direction must be focused to Section 21 of the Act[3] which provides as follows:

> "In any prosecution under this act, it shall not be necessary to negate any of the exemptions or exceptions of this act in any complaint, information or trial. The burden of proof of such exemption or exception shall be upon the person claiming it."

The recent case of *Commonwealth v. Stoffan*, 228 Pa. Superior Ct. 127, 323 A.2d 318 (1974), interpreted this provision. Therein Judge SPAETH, speaking for the Court, Judge SPAULDING being absent, pointed out the "exemptions and exceptions" referred to in Section 21 of the Act must be taken to mean only those which do not state necessary elements of the crime proscribed, lest an unconstitutional result obtain. "If 'exemptions or exceptions' referred to clauses that stated necessary elements (of the crime) and §21 operated to shift the burden of proof as to them onto the defendant, due process would be violated." *Commonwealth v. Stoffan, supra,* at 138. Further, we rely upon *Commonwealth v. Neal,* 78 Pa. Superior Ct. 216 (1922), in which our court said:

> " 'If an exception is material in arriving at the definition of the crime, it is generally held the State has the burden of showing the exception does not apply because it is then one of the essential elements of the offense. However, where the exception merely furnishes an excuse for what would otherwise be

---

3.  35 P.S. §780-121.

criminal conduct, the duty devolves upon the defendant to bring himself within the exculpatory provision.' (Citations omitted)" quoted in *Commonwealth v. Stoffan, supra,* at 142.

Recognizing that the registration provision of the Act does grant an excuse for conduct otherwise prohibited, and recognizing that the Act intends control over certain substances, we hold that proving a defendant not to be registered is not a necessary element of the crime of violating the Act. With this belief, we find that the cases support a conclusion that it is not a violation of due process to place upon a defendant the burden of proving his registration. We therefore find support for an application of Section 21 of the Act to its registration—Section 6—provisions.

The Court would be short-sighted if it did not address the practicalities of placing upon the Commonwealth a burden of proving an allegation the relevant facts of . which were never in its possession. In *Commonwealth v. Aikens,* 179 Pa. Superior Ct. 501, 118 A.2d 205 (1955), footnote 1, page 506, the Court noted that the former Act as well provided that the burden of proving exemption was upon the defendant. To statutorily provide for a rule of evidence in no way would subvert a defendant's right to the presumption of innocence. "The burden of proof may be placed on the party who must prove the existence of a fact rather than on the party who must prove its nonexistence." *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 455, 246 A.2d 668, 673 (1968).

We call attention to *Commonwealth v. Williams,* 231 Pa. Superior Ct. 804 (1975), a case which the Court, at its December, 1974, Philadelphia session, decided to affirm by *per curiam* order. The question raised there is identical to that of the instant case. In *Commonwealth v. Williams, supra,* the Superior Court did not support the argument which is raised again herein, but rather affirmed the lower court's judgment of sentence.

For the foregoing reasons, and in order to be consistent with our past holdings, the order is reversed and the case is remanded for new trial.

---

CONCURRING OPINION BY SPAETH, J.:

I agree with the result reached by Judge VAN DER VOORT but wish to add a comment on *Commonwealth v. Stoffan*, 228 Pa. Superior Ct. 127, 323 A.2d 318 (1974).

In *Stoffan*, we held that §21 of The Controlled Substance, Drug, Device and Cosmetic Act[1] cannot be applied in a prosecution under §13(a)(14) of that Act,[2] despite the fact that because of its ambiguity it could be construed as being applicable. The reason §21 cannot be so applied is because the "exceptions" stated in §13(a)(14) are in fact essential elements of the crime defined therein. Since it is mandated by the United States and Pennsylvania Constitutions that the Commonwealth prove every essential element of the crime beyond a reasonable doubt, it follows that it is unconstitutional to shift the burden of proof of an essential element away from the Commonwealth. *In re Winship*, 397 U.S. 358 (1970); *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974); *Commonwealth v. O'Neal*, 441 Pa. 17, 20 n.1, 271 A.2d 497, 499 n.1 (1970); *Commonwealth v. Simmons*, 233 Pa. Superior Ct. 547, 336 A.2d 624 (1975). We thus interpreted §21 to apply only to those clauses that do not state essential (or "necessary") elements of the crime:

"The ambiguity in §21 as to which of the 'except' and 'unless' and similar clauses of §13(a) constitute 'exemptions or exceptions' can easily be resolved if we heed the basic rule of statutory construction that

---

1. Act of April 14, 1972, P.L. 233, No. 64, §1 *et seq.* [hereinafter cited as "Controlled Substance Act"], §21, 35 P.S. §780-121 (Supp. 1974-75).

2. *Id.* §13(a)(14), 35 P.S. §780-113(a)(14) (Supp. 1974-75).

it will be presumed that the General Assembly intended a constitutional result. 1 Pa.S. §1922(3). Accordingly, 'exemptions or exceptions' must be construed to include only those clauses in §13(a) that do not state necessary elements of the crimes the General Assembly intended to proscribe .... *Clauses that state necessary elements of the crimes will not be deemed to state 'exemptions or exceptions,' and §21 will not operate to shift the burden of proof as to them onto the defendant." Commonwealth v. Stoffan, supra at 138-39, 323 A.2d at 323 (emphasis added)*.
Section 13(a)(14) prohibits the following:

"The administration, dispensing, delivery, gift or prescription by any practitioner otherwise authorized by law so to do of any controlled substance except after a physical or visual examination of the person or animal for whom said drugs are intended, said examination to be made at the time said prescription order is issued or at the time said drug is administered, dispensed, given away or delivered by said practitioner, or except where the practitioner is satisfied by evidence that the person is not a drug dependent person."[3]

We concluded in *Stoffan* that the "except" clauses in this section contained necessary elements of the crime, since the section presumed that the person to whom it would be applied was normally authorized to dispense or prescribe drugs. Thus we said:

"We consider it unlikely that the General Assembly intended [§13(a)(14)] to prohibit the mere 'administration, dispensing, delivery, gift or prescription' of a controlled substance. Reading §13(a)(14) as a whole, it appears that rather than intending a general prohibition against the administration of drugs,

---

3. Controlled Substance Act, *supra*, note 1, §13(a)(14), 35 P.S. §780-113(a)(14) (Supp. 1974-75).

what the General Assembly was concerned with was controlling the methods a practitioner employs, and the data he has at hand, when he administers drugs. In this view, the 'except' clauses do not refer to matters separable from the prohibited conduct but rather are indispensable in defining that conduct." *Commonwealth v. Stoffan, supra* at 143, 323 A.2d at 325.

In the present case, appellant was convicted of violations of §§13(a)(16) and 13(a)(30) of the Act. These prohibit the following:

"(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person *not registered under this act,* or a practitioner not registered or licensed by the appropriate State board unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

. . .

"(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person *not registered under this act,* or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance."[4]

Although these sections are inelegantly worded, it is clear enough that the italicized portions state "exemptions": each section prohibits certain conduct, but persons registered under the Act are exempt from the prohibition. Therefore, §21 applies, which is to say that the burden of proving the exemptions is placed on the defendant, and the question becomes whether to impose

---

4. Controlled Substance Act, *supra,* note 1, §§13(a)(16), 13(a)(30), 35 P.S. §§780-113(a)(16), 780-113(a)(30) (Supp. 1974-75) (emphasis added).

this burden on the defendant is unconstitutional. Applying the principles discussed in *Commonwealth v. Stoffan, supra,* it will be seen that another way of putting this question is to ask whether the exemptions cover an essential element of the crimes defined by §§13(a)(16) and 13(a)(30). If they do, the burden of proving them may not be placed on the defendant.[5]

The answer to this question is reached when §13(a)(14) is compared with §§13(a)(16) and 13(a)(30). Section 13(a)(14) applies only to a limited group of people (licensed practitioners) and was enacted to prevent this group from engaging in a particular kind of conduct, which is described in the "except" clause (prescription without examination). Membership in the limited group (status) is presumed in any prosecution under §13(a)(14), and proof of non-membership would only get the accused into deeper trouble, for the forbidden conduct by a non-practitioner would be worse than that conduct by a practitioner. Sections 13(a)·(16) and 13(a)(30), on the other hand, apply generally to everyone. The exemption clauses in those sections do not refer to *conduct, i.e.,* to essential elements of the crimes (possession, sale, manufacture, or delivery), but to *persons* who are to be exempted (persons "registered under this act"). Thus the exemption applies if the accused has attained a certain status; it has nothing to do with the conduct that would constitute a crime if performed by someone else. Status does not constitute an essential

---

5. I find myself unable to join in Judge VAN DER VOORT's citation to *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968), and in his discussion of practicalities. Ease of proof may be a factor to consider in deciding what the intention of the legislature was with respect to who should have the burden of proof. However, it is not a factor relevant to deciding the constitutional issue. If the legislature has placed on the defendant the burden of proving an essential element, the statute in question is unconstitutional, whatever the considerations of ease of proof may be.

element of the crimes. Rather, it only provides a personal defense. Thus the burden of proving it can be constitutionally shifted to the person claiming it.

JACOBS and HOFFMAN, JJ., join in this opinion.