UNITED STATES of America ex rel. James KIRCHNER

v.

W. G. JOHNSTONE, Jr., President Judge, Court of Common Pleas of Lancaster County, Pennsylvania, et al.

Kenneth Shalom MILLROOD

v.

Superintendent Lowell D. HEWITT and the Attorney General of the State of Pennsylvania.

Civ. A. Nos. 75–3689, 77–3572.

United States District Court, E. D. Pennsylvania.

June 22, 1978.

Thomas Colas Carroll, Philadelphia, Pa., for Kirchner.

Donald J. Goldberg, Philadelphia, Pa., for Millrood.

Charles A. Achey, Jr., Asst. Dist. Atty., Lancaster, Pa., for Commonwealth defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Petitioners James Kirchner and Kenneth Shalom Millrood were tried and convicted in the Court of Common Pleas of Lancaster County, Pennsylvania upon the charge of possession with intent to deliver marijuana and conspiracy in violation of 35 P.S. § 780–113(a)(30). They were sentenced to a period of incarceration and fined. Both have filed petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254[1] contending that their constitutional rights were violated in that they were convicted of violating 35 P.S. § 780–113(a)(30) even though the Commonwealth did not prove that they were not registered under the Act or regis-

tered or licensed by the appropriate State Board.[2]

35 P.S. § 780–113 provides in pertinent part:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780–121 provides:

In any prosecution under this act, it shall not be necessary to negate any of the exemptions or exceptions of this act in any complaint, information or trial. The burden of proof of such exemption or exception shall be upon the person claiming it.

At their trial, no evidence was produced by the Commonwealth to prove that defendants were not registered under the Act or were practitioners not registered or licensed by the appropriate State board. Defendants demurred to the evidence and sought a directed verdict on the ground, among others, that the Commonwealth had not met its burden of proving that they were not so registered. The trial judge denied their motions.

Petitioners contend that in order to be found guilty of violating 35 P.S. § 780–113(a)(30), proof that they were neither registered nor licensed is an essential element of the crime, and that a defendant constitutionally cannot be required to bear the burden of proving registration and/or licensing. The critical determination for this

---

1. 28 U.S.C. § 2254 provides in pertinent part:

    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

2. Petitioners raised other grounds for relief in their petitions, but waived them at oral argument.

Court is whether non-registration is an essential element of the crime defined in 35 P.S. § 780–113(a)(30). If it is, the Commonwealth had the burden of establishing non-registration beyond a reasonable doubt, and the petitioners' writs should be granted.

As the Supreme Court has stated:

[t]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

*In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970); *see also, Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 2327, 53 L.Ed.2d 281 (1977); *United States of America ex rel. Hickey v. Jeffes,* 571 F.2d 762, 764 (3d Cir. 1978).

■ When ruling on a petition for habeas corpus in connection with the application of a state statute, a federal district court takes the statute with the interpretation placed upon it by the courts of that state "as though that interpretation had been written into the statute by the state legislature itself." *United States v. Deegan,* 294 F.Supp. 1347, 1350 (S.D.N.Y.1969) (footnote omitted); *Schmidt v. Hewitt,* 573 F.2d 794, 797, (3d Cir. 1978). As stated by the Supreme Court in *Mullaney v. Wilber,* 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), "state courts are the ultimate expositors of state law . . . and [federal courts] are bound by their constructions except in extreme circumstances . . ." *Hallowell v. Keve,* 555 F.2d 103, 107 (3d Cir. 1977). This is equally true in the determination of what constitutes essential elements of a crime. *United States ex rel. Pendergrass v. Anderson,* 304 F.Supp. 577, 579 (D.Del.1969).

■ The Pennsylvania Superior Court has recently considered this very statute. *Commonwealth v. Stawinsky,* 234 Pa.Super. 308, 339 A.2d 91 (1975).[3] Stawinsky, like petitioners in the instant case, was charged with delivery of a controlled substance in violation of 35 P.S. § 780–113(a)(30). At trial, the Commonwealth did not introduce evidence that he was not registered as provided in the Act. The Court held that "proving a defendant not be registered is not a necessary element of the crime of violating the Act." *Stawinsky,* 339 A.2d at 92. As analyzed by Judge Spaeth in his concurrence:

[A]nother way of putting this question is to ask whether the exemptions cover an essential element of the crimes defined by §§ 13(a)(16) and 13(a)(30). If they do, the burden of proving them may not be placed on the defendant.

The answer to this question is reached when § 13(a)(14) is compared with §§ 13(a)(16) and 13(a)(30). Section 13(a)(14) applies only to a limited group

---

**3.** In determining the meaning of a state statute, a federal court is bound by the interpretation given the statute by the state's highest court. *Turco v. State of Maryland,* 324 F.Supp. 61, 65 (D.Md.1971); *see Schmidt v. Hewitt,* 573 F.2d 794, No. 77–1284 (3d Cir., filed February 24, 1978). The *Stawinsky* decision was by the Pennsylvania Superior Court and not the Supreme Court of Pennsylvania. However, in Pennsylvania the Superior Court has

exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any section of this act within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

17 P.S. § 211.302 (Supp.1978–79); *Commonwealth v. McCutchen,* 245 Pa.Super. 56, 369 A.2d 291, 292 (Pa.Super.1976). The Supreme Court of Pennsylvania has a discretionary right of review of final orders of the Superior Court. 17 P.S. § 211.204(a). The *Stawinsky* appeal concerned matters exclusively within the appellate jurisdiction of the Superior Court. The Supreme Court declined to review the decision. It is unclear whether the Superior Court's decision in a matter over which it has exclusive appellate jurisdiction (subject to review at the discretion of the Supreme Court) constitutes a binding decision on this Court. However, inasmuch as we feel that the Supreme Court of Pennsylvania would reach the same result as the *Stawinsky* court, particularly since it declined allocatur, we need not decide this issue. *See Turco,* 324 F.Supp. at 65; *cf.* Wright, *Law of Federal Courts* 269 (1976). Furthermore, the Supreme Court of Pennsylvania recently had the opportunity to reverse the holding of the *Stawinsky* court in the petitions for allocatur filed by both Millrood and Kirchner in their direct appeals from their conviction. The Supreme Court denied allocatur in each case.

of people (licensed practitioners) and was enacted to prevent this group from engaging in a particular kind of conduct, which is described in the "except" clause (prescription without examination). Membership in the limited group (status) is presumed in any prosecution under § 13(a)(14), and proof of nonmembership would only get the accused into deeper trouble, for the forbidden conduct by a non-practitioner would be worse than that conduct by a practitioner. Sections 13(a)(16) and 13(a)(30), on the other hand, apply generally to everyone. The exemption clauses in those sections do not refer to *conduct, i. e.,* to essential elements of the crimes (possession, sale, manufacture, or delivery), but to *persons* who are to be exempted (persons "registered under this act"). Thus the exemption applies if the accused has attained a certain status; it has nothing to do with the conduct that would constitute a crime if performed by someone else. Status does not constitute an essential element of the crimes. Rather, it only provides a personal defense. Thus the burden of proving it can be constitutionally shifted to the person claiming it.

*Id.* at 94–5. (footnote omitted).

Petitioners concede that the issue involved in the instant case is precisely that decided in *Stawinsky.* Petitioners contend, however, that *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975), which was decided three weeks after *Stawinsky,* has changed the law in Pennsylvania. *McNeil* involved, among other things, a prosecution for carrying a firearm without a license in violation of 18 P.S. § 4628(e), which provides:

No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefore as hereinafter provided.

The Pennsylvania Supreme Court held that the absence of a license is an essential element of the crime, and therefore that the Commonwealth had the burden of establishing this element beyond a reasonable doubt.

The distinction between *McNeil* and *Stawinsky* is obvious, each involved separate offenses which have been construed by Pennsylvania courts as entailing different essential elements of statutory crimes.

As stated in *Commonwealth v. Stoffan,* 228 Pa.Super. 127, 323 A.2d 318, 323–24 (1974):

The problem of deciding whether a particular clause states a fact that constitutes a necessary element of the crime is a problem of statutory construction. The answer depends on what behavior the General Assembly intended to prohibit. Any language referring to such behavior states a necessary element of the crime.

In considering this problem, a useful case is *Commonwealth v. Neal,* 78 Pa.Super. 216 (1922). There the statute in question made it a crime "for any person . . . to engage in the practice of medicine . . . except those hereinafter exempted . . . ." In the indictment the Commonwealth had not alleged that the defendant was not one of those exempted. Whether such an allegation was necessary depended on whether the exemption clauses referred to facts constituting elements of the crime. If they did, the allegation was necessary. In deciding whether the exemption clauses referred to elements this court enunciated the following test:

When a statute defining an offense contains an exception, in the enacting clause, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the clause defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter

of defense and must be shown by the accused.

*Id.* at 219.

 The Pennsylvania Superior Court in *Stawinsky* reviewed the statute involved in the instant petitions and determined that registration is an exception and not an essential element of the crime. We have found nothing in *McNeil* which leads us to conclude that the Supreme Court of Pennsylvania would interpret this statute in a manner inconsistent with *Stawinsky,* particularly in view of the fact that the Supreme Court of Pennsylvania denied allocatur in *Stawinsky* and likewise denied allocatur to both Kirchner and Millrood in this case subsequent to its decision in *McNeil.*

The construction of 35 P.S. § 780–113(a)(30) by the Pennsylvania courts heretofore discussed does not violate petitioners' constitutional rights. *United States v. Rosenberg,* 515 F.2d 190, 199 (9th Cir.), *cert. denied,* 423 U.S. 1030, 96 S.Ct. 562, 46 L.Ed.2d 404 (1975); *Tritt v. United States,* 421 F.2d 928, 929–30 (10th Cir. 1970); *United States v. Benish,* 389 F.Supp. 557, 560 (W.D.Pa.), *aff'd,* 523 F.2d 1051 (3d Cir. 1975); *cert. denied,* 424 U.S. 954, 96 S.Ct. 1428, 47 L.Ed.2d 359 (1976); *cf. Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 381 (1977); *United States v. Byrne,* 422 F.Supp. 147, 162 (E.D.Pa.1976), *aff'd in part, rev'd in part on other grounds,* 560 F.2d 601 (3d Cir. 1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978).

Accordingly, we will enter an Order denying petitioners' motions for habeas corpus.