421 A.2d 681

**COMMONWEALTH of Pennsylvania**

**v.**

**Loren CAMPBELL, Appellant.**

Superior Court of Pennsylvania.

Argued June 6, 1979.

Filed May 23, 1980.

Gary Gilman, Doylestown, for appellant.

John C. Kevlock, Doylestown, for Commonwealth, appellee.

Before PRICE, GATES, and DOWLING, JJ.*

PRICE, Judge:

On January 20, 1978, appellant was arrested and charged with possession of a controlled substance, methamphetamine, in violation of the Controlled Substance, Drug, Device and Cosmetic Act.[1] During the non-jury trial commenced on July 17, 1978, Officer Charles Favaroso of the Bristol Borough Police Department testified that in the course of searching appellant at the time of arrest, he found a syringe bottle containing a yellow liquid in one pocket, a smaller bottle similarly filled in another pocket, and a syringe in his sock. The substance was later determined to be liquid methamphetamine hydrochloride. Another Commonwealth

---

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

1. Act of April 14, 1972, P.L. 233, No. 64, § 13, *as amended*, 35 P.S. § 780–113(16).

witness, a chemist and Director of the Crime Laboratory of Bucks County, testified that methamphetamine hydrochloride is available by prescription in powder or tablet form but not as a liquid. While appellant did not testify, he submitted by stipulation a prescription issued to him on December 22, 1977, by Dr. Raymond Blood, M.D., for sixty desoxyn tablets, each of fifteen milligram strength. Desoxyn is a brand name for methamphetamine hydrochloride. The stipulation further provided that had Dr. Blood been called to testify, he would have indicated that appellant had been his patient for weight reduction since March of 1976, and that he had often prescribed desoxyn in tablet form for him. A second stipulation indicated that Mr. Taylor Faunce would have testified that he filled appellant's December 22, 1977 prescription in his pharmacy that same day in the amount of sixty fifteen–milligram tablets. The finder of fact concluded from this evidence that appellant had indeed violated the pertinent portion of the Controlled Substance, Drug, Device and Cosmetic Act, and he was convicted on July 19, 1978.

During trial, appellant offered no evidence tending to show his possession of a license to carry drugs, nor did the Commonwealth attempt to prove his non–licensure.[2] Apparently, all parties in the case, including the trial court, were proceeding under an ostensibly well–trodden evidentiary path established by this court in *Commonwealth v. Stawinsky*, 234 Pa.Super. 308, 339 A.2d 91 (1975). In *Stawinsky*, the defendant was charged with possession, possession with intent to deliver, and delivery of a controlled substance. In addressing his claim that the Commonwealth bears the burden of proving non–licensure beyond a reasonable doubt as an element of those offenses, we stated,

"Recognizing that the registration provision of the Act does grant an excuse for conduct otherwise prohibited, and recognizing that the Act intends control over certain substances, we hold that proving a defendant not to be

2. Section 6 of the Act (35 P.S. § 780–106) provides that a person duly registered with the Secretary of Health of the Commonwealth may manufacture, distribute, retail, sell, offer for sale, and solicit the purchase of controlled substances.

registered is not a necessary element of the crime of violating the Act. With this belief, we find that the cases support a conclusion that it is not a violation of due process to place upon a defendant the burden of proving his registration." *Id.*, 234 Pa.Super. at 312, 339 A.2d at 92.

However, unbeknownst to the parties and the trial judge, this court filed an opinion five days prior to the commencement of appellant's trial in which we reviewed our earlier holding and concluded that *Commonwealth v. Stawinsky, supra* was no longer a proper statement of the law in this Commonwealth. *See Commonwealth v. Sojourner*, 268 Pa. Super. 472, 408 A.2d 1100 (1978) (hereinafter *Sojourner I* ). At the conclusion of trial, appellant discovered the *Sojourner I* opinion and brought it to the attention of the trial court. Unfortunately, what appellant failed to discover was that the effect of the *Sojourner I* opinion was nullified by an order entered August 21, 1978,[3] granting a petition for reargument on the case, and the opinion was withheld from publication in the advance sheets of the Atlantic Reporter. Based upon the information supplied by appellant regarding *Sojourner I*, the court denied the motion in arrest of judgment reasoning that although the Commonwealth produced no direct evidence of non–licensure, the totality of the circumstances established beyond a reasonable doubt that appellant was not licensed by the appropriate state board.[4] Nevertheless, the court opined that "elementary fairness" dictated that appellant be granted a new trial in light of *Sojourner I*. That decision on appellant's post–trial motions was handed down on December 15, 1978, and the appeal docketed on January 16, 1979.

**3.** We note that in the publication of *Sojourner I* at 268 Pa.Super. 472, 408 A.2d 1100, the petition for reargument is erroneously reported as having been granted on August 21, 1979.

**4.** The court evidently focused on three facts: (1) that by his own admission appellant came into possession of 60 tablets of desoxyn as a result of a prescription rendered by a doctor and filled by a pharmacy; (2) the substance was found in an unmarked bottle in liquid rather than tablet form; and (3) appellant was found in possession of a syringe that he had concealed in his sock.

Appellant now appeals alleging that his motion in arrest of judgment should have been granted based upon the change in the non–licensure burden of proof enunciated in *Sojourner I.* Before addressing the merits of this claim, we must dispose of a Commonwealth petition to quash the appeal.

■ The Commonwealth contends that the order of the trial court dismissing a motion in arrest of judgment and granting a new trial is an interlocutory order, citing *Commonwealth v. Cole,* 437 Pa. 288, 263 A.2d 339 (1970). While that may have been the rule in 1970, on July 1, 1976, Pa.R.A.P. 311(b) became effective. As promulgated, Rule 311(b) provides that "[a]n appeal may be taken . . . from an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge." [5] Therefore, appellant's appeal from the order awarding a new trial is not interlocutory when he contends that the proper disposition is discharge. *See Commonwealth v. Chenet,* 473 Pa. 181, 373 A.2d 1107 (1977); *Commonwealth v. Liddick,* 471 Pa. 523, 370 A.2d 729 (1977).

■ Addressing the merits, we disagree with appellant that arrest of judgment is mandated by this court's ruling in *Sojourner I.* We reach this conclusion because on June 22, 1979, after reconsideration of our earlier opinion, this court issued a second opinion, *Commonwealth v. Sojourner,* 268 Pa.Super. 488, 408 A.2d 1108 (1979) (*Sojourner II*), wherein we reversed our earlier ruling in *Sojourner I* and held that the Commonwealth has the burden of proving non–licensure beyond a reasonable doubt only when the accused comes forward with some credible evidence of authorization. In *Commonwealth v. Louis,* —— Pa.Super. ——, 425 A.2d 840 (1980), we held per curiam, that in a situation such as the instant case in which a trial court dismisses a motion in arrest of judgment and awards a new trial on the basis of *Sojourner I,* the order of the trial court will be affirmed. On the basis

5. That provision was amended after the instant appeal, and has been substantially reenacted in Pa.R.A.P. 311(a)(5).

of the *Louis* precedent, we affirm the order of the trial court.

The motion of appellee to quash the appeal is denied and the order of the trial court awarding a new trial is affirmed.