445 A.2d 1277

**COMMONWEALTH of Pennsylvania,**

v.

**Arthur J. METZLER, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1981.

Filed May 21, 1982.

Petition for Allowance of Appeal Granted Nov. 4, 1982.

Gary Neil Asteak, Easton, for appellant.

James J. Narlesky, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the evidence was insufficient to establish his sanity beyond a reasonable doubt. We agree and, accordingly, reverse the judgment of sentence and order appellant discharged.

On April 10, 1980, the victim and her son were eating at an Easton, Pennsylvania restaurant when appellant approached them. He stared at her from the doorway for approximately one minute, moved closer to the table, and then suddenly ran out the door. Seconds later, he rushed back into the restaurant, shoved the waitress out of the way, and threw an empty table across the room. He then leaned over the victim and inquired, "Do you have anything else you want to say to me?" The victim replied, "I never said anything to you, sir." Whereupon appellant struck her and left the restaurant.

At a nonjury trial, the Commonwealth introduced the testimony from a waitress, the victim, and her son that appellant had appeared disheveled and acted peculiarly. Detective Carl Beers testified that he believed appellant was suffering from some type of mental disorder when he interviewed him that evening and requested the victim to sign an emergency commitment complaint to send appellant to Muhlenberg Medical Center Psychiatric Ward. Appellant testified that he had been a frequent patient at several mental hospitals during the past twenty years, and had been treated for delusions with both shock treatments and medication. He testified that on the evening of the assault, he was hungry and tired and had no money or place to stay, and that he confused the victim with a former girlfriend and the

"harlot in Revelations 17:4," and struck her in an attempt "to impress enough fear in her so she would hold back on whatever else would happen in the world because I didn't have any other power of my own myself." Appellant's psychiatrist testified that appellant was suffering from paranoid schizophrenia and gave his professional opinion that appellant "was not able to deliniate the rightness or wrongness of his actions." The Commonwealth offered no proof of appellant's sanity. The lower court found appellant guilty of assault, and after the denial of post-trial motions, imposed sentence. This appeal followed.

Appellant contends that the evidence was insufficient to establish his sanity beyond a reasonable doubt. We agree. When a defendant raises the issue of his sanity, the Commonwealth must prove beyond a reasonable doubt that he knew the nature and quality of his act and that he knew it was wrong. *Commonwealth v. Demmitt*, 456 Pa. 475, 483, 321 A.2d 627, 632 (1974). Appellant's psychiatrist opined that appellant "was not able to deliniate the rightness or wrongness of his action." Although psychiatric testimony is not controlling, the Commonwealth must still present some evidence to refute it. *See Commonwealth v. Demmitt, supra.* In the instant case, however, all the evidence corroborated the psychiatric testimony. The lower court found that appellant had admitted that he knew his actions were bad in the following exchange:

Defense Counsel: At that point in time did you think what you were doing was good or bad, your perception?
Appellant: *I knew it was bad.*
Q. Why did you do it?
A. Aggravated, aggravated into it I'm sorry to say, maybe because of the devil, Satan.

. . . . .

Q. Why would saving the world from abomination be bad if you were going to hurt the harlot?
A. Well, at that particular time *I felt that it was good but I knew it was bad, I knew what I was doing* but I was confused and as I say exhausted to the point so where

after all I had been through through the years, that and then that added onto it, that as I say I was confused.

Q. Was it good or bad or both, could it be both?

A. It could be both.

Q. But do you know?

A. Well, at this particular time I can't exactly say. All I know is that I was awful confused.

(emphasis added). The court's reliance on a statement of appellant taken out of context is misplaced. Appellant's testimony taken as a whole indicates that at the time of the incident he was exhausted, confused, and disoriented. Appellant's purported admission is at best inconclusive and ambiguous—certainly insufficient to satisfy the Commonwealth's burden of proof. Accordingly, because the Commonwealth has failed to meet its burden of proving appellant sane beyond a reasonable doubt, we reverse the judgment of sentence and order appellant discharged.

Judgment of sentence reversed and appellant discharged without prejudice to the Commonwealth to petition the lower court for an order directing involuntary treatment under § 406 of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, No. 143, § 406, 50 P.S. § 7406.