451 A.2d 1352

**COMMONWEALTH of Pennsylvania, Petitioner,**

v.

**Arthur J. METZLER, Jr.**

Supreme Court of Pennsylvania.

Nov. 4, 1982.

James J. Narlesky, Asst. Dist. Atty., Northampton County Government Center, Easton, for petitioner.

Gary Asteak, Easton, for respondent.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

PER CURIAM:

The Commonwealth filed a petition for allowance of appeal from an Order of the Superior Court which reversed Arthur J. Metzler's conviction of aggravated assault. Metzler was convicted of aggravated assault and sentenced to no less than fifteen months nor more than four years imprisonment. The Superior Court reversed, ruling that the Commonwealth's evidence of sanity was so inadequate, as a matter of law, the fact finder could not be satisfied of defendant's guilt beyond a reasonable doubt. *Commonwealth v. Metzler*, 300 Pa.Super. 19, 445 A.2d 1277 (1982).

▪ An examination of the record convinces us that there was sufficient evidence of sanity to allow the trial judge to determine that Metzler failed to meet either part of the M'Naghten test. In order to escape criminal responsibility, defendants must show they are laboring under such a defect of reason, at the time of the act, that they are either

incapable of knowing what they were doing or were incapable of judging that it was wrong. *Commonwealth v. Demmitt,* 456 Pa. 475, 321 A.2d 627 (1974). Evidence was presented to show that Metzler initially flirted with the victim and was rebuffed. After he assaulted the victim, he immediately left the premises. Upon being apprehended less than one hour after the assault, he admitted striking the victim. At trial, Metzler testified that he knew what he was doing and that it was bad.

Therefore, in reviewing the evidence in the light most favorable to the verdict winner, *Commonwealth v. Blevins,* 453 Pa. 481, 309 A.2d 421 (1973), it was error for the Superior Court to reverse Metzler's conviction for aggravated assault. Accordingly, we hereby grant the Commonwealth's petition, reverse the Order of the Superior Court, and reinstate the conviction and sentence of Metzler as entered by the trial judge.

ROBERTS, J., files a dissenting statement.

ROBERTS, Justice, dissenting.

I dissent and would deny allowance of appeal. The order of the Superior Court discharging respondent specifically stated that the discharge was without prejudice to the Commonwealth's right to institute involuntary commitment proceedings pursuant to the Mental Health Procedures Act, 50 P.S. § 7406. The Commonwealth has failed to demonstrate that the Superior Court's mandate differs significantly from the judgment of sentence imposed by the court of common pleas. Although the trial court sentenced respondent to a minimum term of imprisonment of fifteen months, the record indicates that respondent has already served that minimum term and has become eligible for the "mental health treatment plan" ordered as a condition of parole. Thus, on this record, it is inappropriate to grant further review.