466 A.2d 653

**COMMONWEALTH of Pennsylvania**

v.

**Richard HAMMOCK, Appellant.**

Superior Court of Pennsylvania.

Submitted May 18, 1983.

Filed Oct. 7, 1983.

Barry H. Denker, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, BROSKY and BECK, JJ.

BROSKY, Judge:

This appeal is from judgment of sentence imposed subsequent to conviction for Murder in the First Degree and Possessing an Instrument of a Crime. On appeal appellant raises three issues. First, he argues that his demurrer should have been granted. Second, he argues that the *M'Naghten* Rule for determining legal insanity should be substituted with the Model Penal Code test. Third, he contends that the Commonwealth failed to prove that he was legally sane when the crimes were committed. We find these arguments to be either waived or without merit and, accordingly, affirm.

\* \* \*

 The failure of a court below to grant a demurrer is not properly the subject of appeal. "Since however, the defendant did not rest following the adverse ruling, but elected to put in a case in defense, the correctness of the ruling on the demurrer is no longer an available issue." *Commonwealth v. Ilgenfritz*, 466 Pa. 345 at 347, 353 A.2d 387 at 388 (1976). Once the trial has proceeded to the presentation of defense evidence, the proper challenge on appeal is to the sufficiency of the evidence. Further, this issue was not raised in the post-verdict motions. As such it is waived. *Commonwealth v. Moore*, 462 Pa. 231, 340 A.2d 447 (1975).

\* \* \*

 The second issue, regarding the propriety of the *M'Naghten* Rule, is also waived. Not only was it absent from the post-verdict motions, but it was also not argued to the court below. *Commonwealth v. Williams*, 476 Pa. 557 at 570, 383 A.2d 503 at 509 (1978). This issue is thus doubly waived.

\* \* \*

The third and final issue is properly before us. Appellant included in his post-verdict motions and also argued orally before the post-verdict court the issue that the Commonwealth failed to establish beyond a reasonable doubt appellant's sanity at the time of the commission of the crime.

When a defendant raises the issue of his sanity, the Commonwealth must prove beyond a reasonable doubt that he knew the nature and quality of his act and that he knew it was wrong.

*Commonwealth v. Metzler*, 300 Pa.Super. 19 at 21, 445 A.2d 1277 at 1278 (1982).

This issue is to be reviewed by us in the same way as other sufficiency of the evidence issues.

The test of sufficiency of the evidence is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime had been established beyond a reasonable doubt.

*Commonwealth v. Robson*, 461 Pa. 615 at 625, 337 A.2d 573 at 578 (1975).

■ Viewed in this light, the evidence given at trial established that appellant was told that he was short in his bus fare; that he then stabbed the bus driver to death; that, as the passengers tried to get off the bus, he ran to the back of the bus and told one of the passengers, "Don't tell anybody that I did it," and threw the knife out the window; that he then got off the bus in a normal manner with the other passengers and, in response to a police officer's question as to "who did it," replied "he's still inside."

A psychiatrist testified for the prosecution that, in his opinion, at the time of the crime appellant met the *M'Naghten* test. Specifically, he testified:

that immediately after the incident as evidenced by defendant's statement to the police, the defendant was oriented, in that he knew who he was, where he was and what was being discussed. He testified further that the acts of the defendant of throwing the knife away, telling the people on the bus not to say anything, and stating to the police that the person who had done the stabbing was still on the bus were not done in response to a psychotic

delusion, but were acts which evidenced a conscious attempt by the defendant to be self-protective. According to DR. KOOL, the defendant was responding to reality and not to a delusion or hallucination.

On the basis of this testimony and from the inferences to be drawn from the facts, the court below, acting as the fact-finder, concluded that appellant was legally sane. Other testimony was given and arguments made that are in appellant's favor. They will not be considered by us here as the fact-finder was free to discredit all such testimony and to draw inferences only against appellant.

The only question before us is whether the above-stated testimony, and the inferences that could be drawn from it, could establish beyond a reasonable doubt that appellant was legally sane: whether he could appreciate the nature and quality of his acts or knew right from wrong. What we are *not* to do is substitute our appraisal of all the evidence for that of the fact-finder. As an appellate court our powers are broad; but when properly exercised these powers are strictly limited to the standard of review applicable to the issue before us. Given this standard of review and the evidence as summarized above, we cannot hold that the court below erred.

Judgment of sentence is, accordingly, affirmed.