539 A.2d 365

**COMMONWEALTH of Pennsylvania**

v.

**Jay MOTT a/k/a Leroy Tillman, Appellant.**

Superior Court of Pennsylvania.

Submitted July 6, 1987.

Filed March 1, 1988.

---

134

Shelley Stark, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before CIRILLO, President Judge, and HOFFMAN and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from the judgment of sentence of January 6, 1987. Appellant Leroy Tillman was sentenced to nine (9) to twenty-four (24) months imprisonment for simple assault.[1] On this appeal Appellant argues that trial counsel was ineffective in failing to preserve for appeal errors made in the trial court's instructions to the jury concerning: 1) the definition of bodily injury and 2) the requisite intent for simple assault. In addition, appellant contends his counsel was ineffective for not objecting to the court's admission into evidence of a prior inconsistent statement by a nonparty witness as substantive evidence. Appellant further argues that the verdict was against the weight and sufficiency of the evidence and that trial counsel was ineffective for failing to preserve these arguments for appeal.

The relevant facts of the case are as follows. The charge of simple assault against appellant arose from a shoplifting incident which occurred at a supermarket in Pittsburgh on May 10, 1986. The evidence adduced at trial shows that appellant was observed placing meat items into a plastic bag by the store manager, Mr. Petrelli. Following questioning of appellant by Mr. Petrelli, an elderly female shopper was knocked down while appellant was attempting to flee the store with Mr. Petrelli in pursuit. The victim, Mrs. White, testified at a preliminary hearing that she did not know who knocked her down. Mr. Petrelli was firm in his testimony that it was the appellant who ran into Mrs. White with a shopping cart causing her to fall.

At trial Mrs. White was not called as a witness for the Commonwealth. At the close of the Commonwealth's case defense counsel raised a demurrer to the evidence. He

1. 18 Pa.C.S.A. § 2701(a)(1).

claimed that the state did not prove bodily injury, as required for a charge of simple assault. The demurrer was denied and appellant presented his case in which he called Mrs. White to the stand. At that time, she testified that Mr. Petrelli the store manager caused her to fall and that she had sustained injuries from the fall. During cross-examination, Mrs. White admitted that she had brought a civil suit against the supermarket for her injuries. Following a trial by jury, appellant was found guilty of simple assault.

## I

Appellant's first contention is that trial counsel was ineffective in failing to preserve for appeal three issues of trial error. We note that the Supreme Court has recently pronounced a two component standard for reviewing ineffectiveness claims:

First, counsel's performance is evaluated in light of its reasonableness if it is determined that the underlying claim is of arguable merit....

Second, we have required that the defendant demonstrate how the ineffectiveness prejudiced him.

*Commonwealth v. Pierce,* 515 Pa. 153, 157–158, 527 A.2d 973, 975 (1987).

Appellant's first claim of ineffectiveness is that counsel did not object to the court's failure to define "bodily injury" in its instructions to the jury. As to this claim, we find no error. In *Commonwealth v. Goins,* 348 Pa.Super. 22, 501 A.2d 279 (1985), this court determined that a trial court's failure to define bodily injury was not prejudicial to the defendant who was charged with simple assault. The court held that while "bodily injury" is a legal term, its meaning is comprehensible to laymen without judicial guidance. *Id.,* 348 Pa.Superior Ct. at 24, 501 A.2d at 280. As in *Goins,* the jury in the present case heard testimony from which it could have concluded that bodily injury occurred. First, witnesses testified that paramedics were required at the scene. Furthermore, Mrs. White described her injuries when called as a witness during appellant's case. Trial counsel could hardly be deemed ineffective for failing to

object to the trial court's definition of bodily injury when its meaning was understandable to the jury.[2]

Appellant's second claim of ineffectiveness is that trial counsel failed to object to the court's jury instruction regarding the requisite intent which the Commonwealth must prove to establish the crime of simple assault. The disposition of this claim depends upon our characterization of the trial court's ruling on appellant's demurrer.

At the close of the Commonwealth's case, appellant's counsel demurred and moved to have the simple assault charges against appellant dismissed. Counsel argued that the Commonwealth had failed to prove bodily injury, an essential element of the crime. Counsel's assertion and the trial court's statements and ruling concerning the demurrer were as follows:

MR. SWEM: Your Honor, as to the charge of simple assault, again I would ask that that particular count be demurred and the verdict sustained. It is my understanding that the Commonwealth has not presented Mary White [the victim], and there has in effect been no victim, Your Honor.

COURT: Well, that is not necessarily fatal. We heard a description of the action on the conduct on the part of the defendant putting him in bodily contact with the person and knocking her to the floor of the store. And there was further evidence that she remained on the floor, prone on the floor until the paramedics transported her to the hospital. I think that that provides a certain element of charges of the assault, but I don't think that we have had enough evidence on the other elements that has to do with the—

MR. SWEM: Your Honor—

THE COURT: No, we might not have had enough. The charges here are attempt to cause bodily injury to

2. We note that this is not a case in which the trial judge failed to instruct the jury as to an element of the crime. The judge merely failed to give the statutory definition of bodily injury which is defined as "impairment of physical condition or substantial pain". 18 Pa.C.S. § 2301.

her. There is no evidence that bodily injury resulted. I am sure it did, but the Commonwealth did not put in any evidence in that regard, but it may be sufficient to let the jury decide whether or not there was an attempt to cause bodily injury.

MR. SWEM: Your Honor, it would go to my position that the only thing that the Commonwealth has shown is that there was contact, that the person was knocked down.

THE COURT: That she flew eight to ten feet in the air and landed on the floor. The demur [sic] is overruled.

The statutory definition of simple assault reads, "A person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). As appellant correctly points out, the crime of simple assault can be committed in two distinct ways. In the first instance, simple assault-injury attempted, a specific intent to injure is required. *See, Interest of J.L.*, 327 Pa.Super. 175, 475 A.2d 156 (1984). In the second instance, simple assault-injury inflicted, the intent may be either actual and specific or the intent may be implied from the circumstances, such as acting in a manner which manifests a reckless, culpable disregard for the safety of others. *See Commonwealth v. Comber*, 374 Pa. 570, 582 n. *, 97 A.2d 343 (1953); *Commonwealth v. Aurick*, 342 Pa.Super. 282, 288, 19 A.2d 920 (1941). Thus, the actor can be charged for the crime if he acts recklessly as well as intentionally or knowingly causing injury.

Appellant argues that the trial court effectively granted his demurrer as to simple assault-injury inflicted and denied it as to simple assault-injury attempted and then erroneously charged the jury on the general intent element of simple assault-injury inflicted. Upon our review of the record, we can only conclude that the court clearly denied, in its entirety, appellant's demurrer to the evidence.

Although the court's statements preceding his ruling on the demurrer are confusing, the court did not grant a partial demurrer to the charge of simple assault. We can

find no cases in this jurisdiction to support the notion that a statute describing, and an information charging the defendant with a single count of simple assault, can be bifurcated for purposes of the defendant's demurrer to the evidence. Moreover, the law is settled in Pennsylvania that since the trial court denied the demurrer and appellant thereafter presented a defense, his ability to challenge the propriety of the order denying the demurrer is foreclosed. *See Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976), *Commonwealth v. Olds*, 322 Pa.Super. 442, 469 A.2d 1072 (1973). At this point a challenge to correctness of the trial judge's ruling can only be regarded as a challenge to the sufficiency of the evidence.[3] *Commonwealth v. Hammock*, 319 Pa.Super. 497, 466 A.2d 653 (1983). Since we characterize the court's ruling as a complete denial of appellant's demurrer to the evidence, it was not improper for the court to instruct the jury on recklessness as a form of intent through which it could find appellant guilty. Thus, we find no merit in appellant's argument that trial counsel was ineffective for not objecting to the court's charge in that regard.

■ Appellant's third contention concerning ineffectiveness of trial counsel involves counsel's failure to object to the court's lack of a limiting instruction regarding a witness' prior inconsistent statements. Defense witness Mary White testified at trial that she was knocked down by Mr. Petrelli rather than the appellant. During cross-examination Mrs. White admitted testifying at the preliminary hearing that she did not know who hit her. The Pennsylvania Supreme Court has recently reversed its previous position and held that "otherwise admissible prior inconsistent statements of a declarant, who is a witness in a judicial proceeding, and is available for cross-examination may be used as substantive evidence to prove the truth of the matters asserted therein." *Commonwealth v. Brady*, 510 Pa. 123,

---

3. Appellant does not question the effectiveness of trial counsel's performance in proceeding, during defense, to provide evidence of bodily injury, and foreclose a challenge to the demurrer. Therefore, we decline to pass upon counsel's effectiveness in that regard since it is not properly before this court.

131, 507 A.2d 66, 70 (1986). The *Brady* case is in no way limited to the admissibility of prior inconsistent statements *that are recorded,* as appellant suggests. The only question presented in the instant case is whether Mrs. White fits within the confines of the rule as set forth above. Mrs. White was a non-party witness testifying in a judicial proceeding—trial, and was subject to cross-examination. Moreover, although not required by the *Brady* decision, the prior inconsistent statement of the witness was given while under oath in testimony at a preliminary hearing. The Supreme Court in *Brady* suggested that the prior statement in that case possessed superior indicia of reliability because it was made at a point in time closer to the event which took place. *Id.,* 510 Pa. at 130, 507 A.2d at 69. Clearly, the statement involved herein is equally if not more reliable, since it was made close in time to the assault and was given while the declarant was under oath. Thus, counsel was not ineffective for failing to object to the court's lack of a limiting instruction, when such an instruction was not necessary under the current status of the law in this state.

Pursuant to the preceding discussion, we find each of appellant's arguments regarding error in the court's instruction and charging defense counsel with ineffectiveness lacking arguable merit.

## II

■ Appellant's second argument is that is that because the Commonwealth introduced no evidence of specific intent to injure this court should find the evidence to be insufficient as a matter of law. As evidenced from our discussion in the preceding section, the case against appellant proceeded on both simple assault-injury attempted and simple assault-injury inflicted. The record contains ample evidence to support appellant's conviction for simple assault-injury inflicted as the testimony of his reckless conduct was sufficient to support a finding of general intent to commit the assault. Accordingly, we find no merit to his claim that the evidence is insufficient, as a matter of law, to support the

conviction, and, therefore, trial counsel was not ineffective for failing to properly raise this claim.

### III

■ Appellant's third argument is that the verdict is against the weight of the evidence. However, since trial counsel failed to raise this issue in appellant's post trial motion the argument is waived. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), *Commonwealth v. Byers*, 349 Pa.Super. 162, 502 A.2d 1324 (1986). Therefore, we can only determine whether counsel's failure to raise the argument was ineffective assistance. The crux of appellant's argument is the fact that the victim in this case testified that the appellant did not assault her but rather a store employee knocked her down causing her injuries. This witness was impeached by the Commonwealth's attorney by admitting that she was seeking relief for her injuries in a civil suit against the supermarket. Appellant argues that although it was shown that Mrs. White had an interest in testifying as she did, Mr. Petrelli had an equal interest in protecting his employer by stating that the appellant assaulted Mrs. White. The trier of fact in determining the weight to be given the evidence is free to believe all, part, or none of the evidence. *Commonwealth v. Shirey*, 343 Pa.Super. 189, 494 A.2d 420 (1985). In the present case, the jury was in the best position to examine the credibility of both witnesses in order to resolve the issue of who had in fact knocked the victim down. Therefore, counsel was not ineffective in failing to preserve an argument for appeal which was not meritorious.

Judgment of sentence affirmed.

CIRILLO, President Judge, files a concurring opinion.

CIRILLO, President Judge, concurring:

While I am constrained to join in the result reached in Judge Cercone's opinion since *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986) is the law in this Commonwealth, I write separately to emphasize my concern with the precedent set by that case.

I believe that the Pennsylvania Supreme Court, in deciding *Brady*, mistakenly discarded a well-tried rule of jurisprudence. Before the court's decision in *Brady*, it had long been the law in this Commonwealth that prior inconsistent statements were admissible only for impeachment purposes. *See Commonwealth v. Gee*, 467 Pa. 123, 354 A.2d 875 (1976). The concern was, and still is in many jurisdictions, that hearsay problems arose from its introduction, that is, that the prior statement was too unreliable to be introduced as substantive evidence because the declarant had not been under oath or subject to punishment for perjury, because the declarant was not in the presence of the trier of fact, and because the declarant was not to punishment for perjury, because the declarant was not in the presence of the trier of fact, and because the declarant was not subject to cross-examination. *Id.*, 467 Pa. at 134–35, 354 A.2d at 880; 3A Wigmore, Evidence, § 1362; *State v. Whelan*, 200 Conn. 743, 753, 513 A.2d 86, 92 (1986).

Justice Larsen, writing for the majority in *Brady*, intimated that these concerns were outdated. According to his majority, the presence of the out-of-court declarant in court and his availability for cross-examination at trial obviates the need for contemporaneous cross-examination. *Brady*, 510 Pa. at 129, 507 A.2d at 69. Further, the majority states that the jury is allowed to observe the declarant during the present cross-examination, and he quotes the eminent jurist Judge Learned Hand that should the jury then determine that the declarant's first statement is the truth, they are deciding from what they see and hear in the courtroom. *Id.* Finally, the *Brady* majority states that the former statement made by the declarant may be considered to "possess superior indicia of reliability" when compared to the latter, for the former statement was made at a point in time much closer to the event in question, when arguably the memory is much fresher, and the opportunity for fabrication less. *Id.*, 510 Pa. at 130, 507 A.2d at 69.

I have considered the criticisms of the orthodox rule along with Justice Larsen's opinion in *Brady*, but I am not

convinced that this Commonwealth should have departed from the well-settled former rule. I do not agree that the opportunity to cross-examine a declarant at trial perhaps several years after the original statement was made, and certainly after a declarant has had time to consider both responses, can replace contemporaneous cross-examination. I am persuaded by the reasoning of the Supreme Court of West Virginia in *State v. Spadafore*, 159 W.Va. 236, 220 S.E.2d 655 (1975). That court reasoned that later cross-examination could in no way replace contemporaneous cross-examination, and pointed out difficulties which would arise in later cross-examination where the witness will only say in response to questioning that he does not remember. "Although the jury would be free to determine how much weight they should accord the prior statement as opposed to the present in-court testimony, there is little choice when the in-court testimony consists merely of an averment of loss of memory." *Id.* at 246, 220 S.E.2d 655.

I also disagree with the argument that the prior statement has as great or even greater indicia of reliability than the later one. As the West Virginia court held, errors can arise in transcription, in misstatement by the officer preparing the statement for signature, and from leading questions which create misapprehension on the part of the declarant. Further, as that court pointed out, "Frequently, witnesses in criminal cases are implicated in the criminal activity at issue ..., and the prosecutorial authorities can induce fear, a sense of guilt, and panic, in such a way as to cause distortion of the facts." *Id.* at 251, 220 S.E.2d 655. This scenario bears similarity to the situation that arose in *Brady*. In *Brady*, Traxler gave a tape recorded statement to police the night after the incident in question allegedly occurred. She admitted to being with the defendant during the day that the murder occurred, and could have easily been concerned for her own welfare when the statement was given to police. No contemporaneous cross-examination had occurred.

Hearsay considerations aside, I am most greatly concerned with the possibility of unfairness to defendants

arising from the *Brady* ruling. Unless the declarant has made the statements at a prior judicial proceeding where he was under oath and subject to contemporaneous cross-examination by the same parties, or parties with similar interests, it seems to me that by allowing prior inconsistent statements to be offered for the truth of the matter asserted, we are making it possible for defendants to be convicted upon unsworn testimony. Arguments have been made that the oath does not necessarily convey the awe that it had been wont to do, and that insisting that testimony of declarants must be given under oath before it becomes admissible as substantive evidence does not necessarily insure that it is truthful. Regardless of the aptness of this charge, I find it fundamentally unfair to allow defendants to be convicted upon statements the veracity of which the declarant refuses to affirm in a public proceeding. *See People v. Collins*, 49 Ill.2d 179, 274 N.E.2d 77 (1971); *State v. Dick*, 27 Ohio St.2d 162, 271 N.E.2d 797 (1971). I would not have allowed prior inconsistent statements into evidence for the truth of the matters asserted in them. For these reasons, I respectfully concur in the majority's decision.

Judge HOFFMAN joins in the result reached in Judge CERCONE's opinion, and joins President Judge CIRILLO's concurring opinion.