563 A.2d 1270

**COMMONWEALTH of Pennsylvania**

v.

**Ricky L. SHAFFER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 3, 1989.

Filed Sept. 22, 1989.

Mark H. Lemon, Miffinburg, for appellant.

John T. Robinson, Dist. Atty., Selinsgrove, for Com.

Before WIEAND, MONTEMURO and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the judgment of sentence. After a jury trial, appellant, Ricky L. Shaffer was convicted of felony retail theft.[1] Appellant's motion for new trial and in arrest of.judgment was denied after a hearing. He was sentenced to incarceration for not less than three (3) nor more than six (6) years. Appellant filed a timely motion to modify sentence which was denied without a hearing. This prompt appeal followed. We affirm.

The procedural facts underlying this case are as follows. On August 31, 1987 a complaint was filed charging appellant with felony retail theft. From August 1987 to October 30, 1987, appellant's whereabouts were unknown and his location was sought. The police officer in charge of the investigation relayed the appellant's name to his state police counterparts in York, Pennsylvania because he had received information regarding appellant's residential address from the York police.

Sometime in October, 1987, appellant was located in Clinton County jail as an inmate, but the police officer did not receive personal knowledge until mid-November after a training session in Hershey. In the officer's absence, and upon receipt of the information about appellant's whereabouts, a duplicate warrant was obtained and filed as a detainer against the appellant in Clinton County. On January 14, 1988, appellant was arrested for the charges in the instant case. He remained incarcerated and was not released on bond. On January 25, 1988, a preliminary hearing

---

1. 18 Pa.C.S.A. § 3929(a)(1). Since this was appellant's eighth offense, it is properly classified as a felony. *Id.* § 3929(b)(1)(iv).

was scheduled and had to be continued due to the unavailability of the police officer. On January 27, 1988, the rescheduled preliminary hearing needed to be postponed again to allow the appellant time to secure counsel. On February 9, 1988, when the preliminary hearing was ultimately heard, the appellant was held for court. He was arraigned on March 30, 1988. Voir dire was conducted on May 16, 1988 and appellant was convicted on May 27, 1988.

Appellant's contention on appeal is that the Commonwealth failed to exercise due diligence in bringing him to trial within the time period allotted by the mandates of Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A., since appellant's trial was not held until two hundred fifty-seven (257) days after the filing of the criminal complaint. On December 31, 1987, after the complaint in the instant case had been signed and before one hundred eighty (180) days had expired, Rule 1100 was amended by our supreme court. The amended rule became effective immediately. In *Commonwealth v. Palmer*, 384 Pa.Super. 379, 558 A.2d 882 (1989) we held that the amended speedy trial rule would not violate statutory proscription against retroactive application. The facts underlying *Palmer* are strikingly similar to the facts in the instant case.

In *Palmer*, on October 2, 1987, a criminal complaint had been signed in which the defendant was charged with drug-related offenses. Before 180 days had expired, Rule 1100 was amended by our supreme court on December 31, 1987 and effective immediately. Under these circumstances, we held that the amended rule was applicable to the prosecution against Palmer and that the trial court erred in dismissing the charges against the defendant because the time allowed for trial by the amended rule had not expired. Therefore, utilizing the same rationale as we set forth in *Palmer*, we will apply Rule 1100 as amended to the instant case.

Amended Rule 1100 provides in pertinent part that:
(a) ...
   (2) Trial in a court case in which a written complaint is filed against the defendant where the defendant is

incarcerated, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

.    .    .    .    .

(e) No defendant shall be held in pre-trial incarceration for a period exceeding one hundred eighty (180) days excluding time described in subsection (c) above. Any defendant held in excess of one hundred eighty (180) days is entitled upon petition to immediate release on nominal bail.

.    .    .    .    .

(g) For defendants on bail after the expiration of three hundred sixty-five (365) days, at any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. . . .

In *Commonwealth v. Saccol*, 384 Pa.Super. 161, 557 A.2d 1095 (1989), we recently reiterated the proper approach to statutory interpretation as follows:

In interpreting the statute before us, our goal is to ascertain and effectuate the intention of the legislature. In so doing we are called upon to use a common sense approach in which words and phrases are examined according to established rules of grammar and according to their common usage. We are guided by the presumptions that the legislature did not intend a result that is absurd, unreasonable or impossible of execution.

*Id.* 384 Pa.Super. at 169, 557 A.2d at 1099 (*quoting Commonwealth v. Bigelow*, 484 Pa. 476, 481–482, 399 A.2d 392, 394 (1979) (citations omitted)).

Utilizing this approach in the instant case, we find as more specifically discussed below, that the lower court did not err in denying appellant's post verdict motions. The lower court contends in a footnote that amended Rule 1100 may be applicable in the instant case, but nonetheless resolves the case on other grounds. We, however, affirm the decision of the lower court based on our interpretation

238

of the amended rule. *See Commonwealth v. Toanone*, 381 Pa.Super. 336, 553 A.2d 998 (1989) (wherein we held that an appellate court could affirm a trial court order on a basis other than that relied upon by the trial court).

In the instant case, appellant concedes that he was tried within two hundred fifty-seven (257) days after the filing of the criminal complaint.[2] As more specifically set forth above, Rule 1100 provides that a person who is incarcerated must be tried within one hundred eighty days or upon petition he is entitled to immediate release on nominal bail. Rule 1100(a)(2) and (e). It is only after three hundred sixty-five days have passed that appellant is entitled to apply to the court for an order dismissing the charges with prejudice on the ground that his right to a speedy trial had been violated. Rule 1100(g). Since it is uncontested that appellant was brought to trial well within the three hundred sixty-five days required by amended Rule 1100, we find that his right to a speedy trial was not violated.

Judgment of sentence affirmed.

---

2. Appellant's determination of this time period does not take into consideration intervals that are excludable under Rule 1100(c). However, in light of our disposition of this case and appellant's concession that he was tried within two hundred fifty-seven (257) days, it is not necessary for us to apply Rule 1100(c) to calculate the time within which appellant was brought to trial for the purposes of determining whether appellant's right to a speedy trial was violated.